IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURT A. SMITH, # 25379-380, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-01991-JPG |
| BILLY MAY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Burt Smith, an inmate who is currently incarcerated in the United States Penitentiary in Marion, Illinois ("USP-Marion"), brings this *pro se* action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff alleges that Lieutenant Billy May retaliated against him for filing a lawsuit against his wife. *See Smith v. Brooks, et al.*, No. 18-cv-00146-JPG-DGW (S.D. Ill. filed Jan. 29, 2018). Plaintiff brings a First Amendment claim against the lieutenant, and he seeks money damages and an investigation into "widespread staff misconduct" at the prison.[1] (Doc. 1, p. 7).

This case is now before the Court for preliminary review of the Complaint. The Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

---

[1] Plaintiff also filed a Motion for Joinder of Cases (Doc. 3), in which he asks the Court to consolidate the two pending actions.

1

allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The allegations set forth in the Complaint are as follows: On or around March 19, 2018, Lieutenant Billy May's wife was served with a lawsuit that Plaintiff filed against her. (Doc. 1, p. 6). Lieutenant May retaliated against Plaintiff on April 19, 2018, and May 14, 2018. While delivering laundry with two other inmates, Plaintiff was stopped and searched. Lieutenant May found a piece of Velcro in Plaintiff's possession and issued him an incident report. Plaintiff insists he was authorized to use the Velcro in his capacity as a laundry employee, but Lieutenant May did not verify this before issuing the ticket. Plaintiff was found guilty of a rule violation and punished with job loss, wage loss, and RDAP Program restrictions.[2] *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1**: First Amendment retaliation claim against Lieutenant Smith, who subjected Plaintiff for two searches and disciplinary action after Plaintiff filed a lawsuit against the lieutenant's wife.

The designation of the count should not be construed as an opinion regarding the merits. **Any claims not recognized above but encompassed by the allegations are considered dismissed without prejudice for failure to satisfy the *Twombly* pleading standard.**

## Count 1

---

[2] Plaintiff does not challenge the disciplinary ticket in this suit, and any claim arising from the ticket is considered dismissed without prejudice.

To state a claim for retaliation under the First Amendment, a plaintiff must show that: (1) he engaged in protected conduct; (2) he suffered a deprivation likely to prevent future protected activities; and (3) the protected conduct was a "motivating factor" for the retaliatory action. *Felton v. Huibregtse*, 525 F. App'x 484, 486 (7th Cir. 2013) (citing *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). The allegations in the Complaint state a claim for retaliation against Lieutenant May, based on his decision to subject Plaintiff to two searches and disciplinary action after learning of the lawsuit against his wife.

With that said, the Supreme Court has declined to extend *Bivens* to claims sounding in the First Amendment. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). The Court recently suggested that the only valid contexts for constitutional claims against federal officers are those previously recognized by Supreme Court under the Fourth, Fifth, and Eighth Amendments. *Ziglar v. Abbasi*, -- U.S. --, 137 S. Ct. 1843, 1857-58 (2017) (citing *Bivens*, 403 U.S. at 397 (Fourth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment)). Recognizing new *Bivens* contexts is "strongly disfavored." *Ziglar v. Abbasi*, 137 S. Ct. at 1857-58. However, the Seventh Circuit has long recognized the viability of a First Amendment retaliation claim brought by a federal prisoner. *See Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Whether this claim is now foreclosed under *Ziglar* is a complex issue that would benefit from briefing by attorneys. For now, Count 1 shall proceed against Lieutenant May.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) will be addressed in a separate Order of this Court.

3

Plaintiff's Motion for Joinder of Cases (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and shall receive further review against Defendant **BILLY MAY**.

The Clerk of Court shall prepare for Defendant **MAY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the Motion for Joinder of Cases (Doc. 3). Further, this entire matter is **REFERRED** to a **United States**

**Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without prepaying fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: October 22, 2018**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **United States District Judge**